## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Pierre-Marie Robitaille<br>1540 Barrington Rd.<br>Columbus, Ohio 43221 | Case No.  2:20-cv- 6488 |
| | District Judge |
|    Plaintiff, | Magistrate Judge |
| v. | **JURY DEMAND ENDORSED HEREIN** |
| ESP Receivables Management, Inc.<br>c/o Universal Registered Agents, Inc.<br>1011 North Causeway Blvd., Suite 3<br>Mandeville, LA 70471 | |
|    Defendant. | |

### COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

The following allegations are based upon Plaintiff Pierre-Marie Robitaille ("Mr. Robitaille")'s personal knowledge, the investigation of counsel, and information and belief.  Mr. Robitaille, through counsel, alleges as follows:

## I. JURISDICTION

1. This Court has jurisdiction for the First Count pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331 and 1337.

2. This Court has personal jurisdiction over the Defendant because the Defendant transacts business within this District, and the Defendant attempted to collect the debt in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

3. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1).

## II. PARTIES

4. Plaintiff is a natural person currently residing 1540 Barrington Rd. Columbus, OH 43221.

5. Plaintiff is a **consumer** within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

6. ESP Receivables Management, INC ("ESP") is a debt collector organized with its principal place of business in Mandeville Louisiana.

7. Defendant is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

8. Defendant acquired their interests in the alleged debt after the alleged default.

9. At all relevant times, Defendant treated the alleged debt as if it was in default since the date it was acquired by Defendant.

10. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

## III. FACTUAL ALLEGATIONS

12. Mr. Robitaille incorporates all other paragraphs in this Complaint by reference as though fully written here.

13. Mr. Robitaille purchased security system services ("Security Services") with a company known as Alarm Force for their country home located in Amanda, Ohio.

14. The Security Services with Alarm Force were cancelled and terminated in 2017.

15. Despite the termination, Alarm Force continued to charge Mr. Robitaille for Security Services by automatically charging his credit card on file.

16. Alarm Force was purchased by Select Security on June 21, 2017.

17. Select Security charged Mr. Robitaille $31.97 a month on his credit card from November 2017 through April 2018 without consent.

18. Select Security never provided security services or monitoring during the duration of the credit card charges.

19. Mr. Robitaille never did anything to stop the charges and was unaware of the recurring Select Security charge until 2020.

20. After April 2018, Select Security simply stopped charging Mr. Robitaille's credit card.

21. On October 1, 2020, ESP, a collection agency, unexpectedly contacted Mr. Robitaille regarding an alleged balance owed to Select Security of $511.52.

22. Mr. Robitaille does not owe the $511.52 and cannot owe the amount under any contract or Ohio law.

23. On October 1, 2020, Mr. Robitaille disputed the validity of the debt and informed ESP that the debt was not valid.

24. On October 13, 2020, Mr. Robitaille, through counsel, sent a debt dispute letter to ESP.

25. A true and accurate copy of the October 13, 2020 debt dispute letter is attached as Exhibit 1. ("Debt Dispute Letter").

26. The Debt Dispute Letter informed ESP to cease further collection efforts, that Mr. Robitaille disputed the debt, and that Mr. Robitaille was represented by counsel.

27. ESP received the Debt Dispute Letter on October 20, 2020.

28. On October 22, 2020, ESP directly contacted Mr. Robitaille demanding payment.

29. ESP contacted Mr. Robitaille while it knew he was represented by counsel and did so without verifying the debt in response to the Debt Dispute Letter.

30. ESP demanded payments which included charges, penalties and amounts not authorized under Ohio law.

31. ESP demanded amounts that were not owed.

32. Mr. Robitaille paid $500 to be represented by counsel to help dispute and resolve the ESP held debt.

33. This $500 was paid for not because ESP refused to verify the debt, failed to cease contact with Mr. Robitaille directly, and failed to communicate concerning the debt with Mr. Robitaille's attorney.

34. As a result of the Defendant's conduct, Mr. Robitaille suffered emotional distress, including anxiety, stress, and sleepless nights related to Defendant's demands for amounts of money that were not owed.

## IV. FIRST COUNT – FDCPA VIOLATIONS AGAINST DEFENDANT

35. Mr. Robitaille incorporates all other paragraphs in this Complaint by reference as though fully written here.

36. Defendant's actions as described herein, violate the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq.*

37. Defendant attempted to collect a debt when it knew or should have known that the that the debt was not valid, authorized, or accurate.

38. Defendant falsely represented the character, amount, legal status, and the services rendered related to the alleged debt in violation of 15 U.S.C. § 1692e(2)(A) and (B).

39. Defendant violated 15 U.SC. § 1692c (a)(2) by contacting Mr. Robitaille while it knew he was represented by an attorney.

40. Defendant violated 15 U.S.C. §1692c (c) by continuing to contact Mr. Robitaille to demand payment after he asked them to cease efforts.

41. Defendant violated 15 U.S.C. §1692g (b) by failing to cease collection efforts prior to verifying the debt after it was disputed.

4

42. Defendant's actions caused Mr. Robitaille emotional distress, anxiety and worry.

43. Mr. Robitaille's emotional distress was caused by the Defendant's improper threats, demands, and violations of the FDCPA.

44. Mr. Robitaille paid $500 to be represented by counsel to help dispute and resolve the ESP held debt.

45. This $500 was paid for not because ESP refused to verify the debt, failed to cease contact with Mr. Robitaille directly, and failed to communicate concerning the debt with Mr. Robitaille's attorney.

46. Defendant's actions forced Mr. Robitaille to obtain legal counsel and incur expenses and fees to bring this current action and prevent Defendant from continuing its pursuit of this invalid debt and amounts.

47. Therefore, Defendant is liable to Mr. Robitaille under this Count for its FDCPA violations in an amount equal to or greater than: actual damages of at least $25,000, 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000, 15 U.S.C. 1692k(a)(2)(A); and costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1692k(a)(3).

## V. SECOND COUNT – CSPA VIOLATIONS AGAINST DEFENDANT

48. Mr. Robitaille incorporates all other paragraphs in this Complaint by reference as though fully written here.

49. Defendant is a person engaged in the business of effecting or soliciting consumer transactions.

50. Defendant is a Supplier within the meaning of R.C. § 1345.01(C) as it is engaged in the business of effecting or soliciting consumer transactions.

51. Mr. Robitaille is a Consumer within the meaning of R.C. § 1345.01(D).

52. The security services were primarily for personal, family or household use.

53. Defendant's actions constitute unfair, deceptive and unconscionable acts or practices in connection with a consumer transaction in violation of the Ohio CSPA.

54. There are rules, written statements, and interpretations adopted or used by the Ohio Attorney General made available for public inspection that detail specific acts or practices that violate R.C. 1345.02, 1345.03, or 1345.031 of the CSPA.

55. Defendant's acts or practices are the same acts or practices previously identified in the public inspection files published by the Ohio Attorney General as specific acts or practices that violate the CSPA.

56. All Defendant's activities related to Mr. Robitaille were done knowingly as defined by the CSPA.

57. Based on Defendant's violations of the CSPA, Defendant is liable to Mr. Robitaille for his actual damages trebled or $200 and his attorney fees.  Defendant is also liable to Mr. Robitaille for at least $5,000.00 in non-economic damages pursuant to R.C. § 1345.09(B) and that amount is subject to trebling.  Mr. Robitaille seeks the maximum statutory, economic, non-economic, and treble damages related to his claims along with his reasonable attorney fees.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court:

A.  Assume jurisdiction of Plaintiff's claims;

B.  Grant judgment in favor of Plaintiff on his claims;

C.  Grant Plaintiff the maximum damages he seeks on his counts, including the maximum statutory damages available under each claim where statutory damages are available, and

the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

D.  Award Plaintiff the costs of this litigation, including filing fees and costs;

E.  Award Plaintiff his attorney's fees;

F.  Award such other relief as the Court deems appropriate.

Dated: December 21, 2020

Respectfully Submitted,
Kohl & Cook Law Firm, LLC

/s/ *Timothy J. Cook*
Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
*Attorneys for Plaintiff*
1900 Bethel Rd.
Columbus, OH  43022
(614) 763-5111 PH
(937) 813 6057 FAX
timothy@kohlcook.com

## JURY TRIAL DEMANDED

Plaintiff respectfully request a jury trial on all triable issues.

/s/ *Timothy J. Cook*
Timothy J. Cook (0093538)